PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: Tresha Mae Sherrill     Case Number: 2:11-00002-26

Name of Judicial Officer: Honorable Aleta A. Trauger, United States District Judge

Date of Original Sentence: October 18, 2012

Original Offense: 21 U.S.C. § 846 Conspiracy to Distribute and Possess With Intent to Distribute Oxycodone, Hydrocodone, and Alprazolam

Original Sentence: 12 months' and 1 day custody and 3 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: August 20, 2013

Assistant U.S. Attorney: Hal McDonough     Defense Attorney: Rayburn McGowan

---

### PETITIONING THE COURT

__X__   To issue a Summons.
_____   To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 9th day of May, 2014,
and made a part of the records in the above case.

Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Brad Bartels
U.S. Probation Officer

Place     Cookeville, TN

Date     May 8, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

**1.**  **The defendant shall refrain from any unlawful use of a controlled substance.**
Since November 12, 2013, Mrs. Sherrill has tested positive and/or admitted using illegal substances on four separate occasions.

| | |
|---|---|
| November 12, 2013 | tested positive and admitted use of Oxycodone |
| December 5, 2013 | tested positive and admitted use of Oxycodone |
| January 27, 2014 | admitted use of Oxycodone |
| May 5, 2014 | admitted use of Oxycodone |

On November 12, 2013, Mrs. Sherrill was given a drug test that appeared to be positive for Oxycodone. When questioned by the probation officer, Mrs. Sherrill admitted to purchasing one 10mg Oxycodone pill from a former friend in Crossville, Tennessee. The probation office received laboratory results which confirmed the sample was positive for Oxycodone.

On December 5, 2013, Mrs. Sherrill was given a drug test that appeared to be positive for Oxycodone and Buprenorphine. Mrs. Sherrill denied using Buprenorphine, but admitted to using Oxycodone without a prescription. The probation office received laboratory results which confirmed the sample was positive for Oxycodone.

On January 27, 2014, Mrs. Sherrill was given a drug test that appeared to be positive for Oxycodone. While transferring the test cup to the probation officer, Mrs. Sherrill spilled the urine sample, therefore, the sample was unable to be confirmed by the laboratory. Following the test, Mrs. Sherrill admitted to using Oxycodone without a prescription.

On May 5, 2014, Mrs. Sherrill called the probation officer to schedule an in person meeting for May 6, 2014. This was the first communication, other than voice mails, with Mrs. Sherrill by any member of the probation office since February 28, 2014. Due to the length of time that had lapsed, the probation officer questioned Mrs. Sherrill about drug use. Mrs. Sherrill admitted she would test positive for Oxycodone if she was given a drug when she reported on May 6, 2014. Mrs. Sherrill failed to report for this meeting and has not rescheduled, despite repeated efforts by the probation officer to contact her.

**2.**  **The defendant shall participate in a program of drug testing and substance abuse treatment.**
On February 17, 2014, Mrs. Sherrill completed inpatient substance abuse treatment at New Leaf Recovery Center in Cookeville, Tennessee. Since that date, Mrs. Sherrill has not reported for any of her random drug tests. She failed to report for drug testing on the following dates:

March 11, 2014
March 25, 2014
April 8, 2014
April 21, 2014
May 1, 2014

In addition to her failure to report for drug testing, Mrs. Sherrill has failed to attend substance abuse treatment. Since completing her substance abuse intake assessment on October 15, 2013, Mrs. Sherrill has only participated in two treatment sessions, on October 28, 2013, and January 10, 2014. According to Ann Stamps, her counselor at Cumberland Mountain Mental Health Center in Crossville, Tennessee, Mrs. Sherrill was referred to the intensive outpatient treatment program at Plateau Mental Health in Cookeville, Tennessee, but Mrs. Sherrill never arranged transportation to attend.

3. **The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.**

The probation officer has been lenient with Mrs. Sherrill's travel needs and allowed her to travel, as needed, for her daughter's medical appointments regarding her severe medical condition. The probation officer asked Mrs. Sherrill to call him before she left the district, and when she returned to the district, so the probation officer could maintain effective communication with her. Mrs. Sherrill has repeatedly failed to communicate with the probation officer about her travel. Despite attempts to contact Mrs. Sherrill by phone and in person at her residence, Mrs. Sherrill's whereabouts are generally unknown due to her lack of communication.

**Compliance with Supervision Conditions and Prior Interventions:**
Tresha Sherrill is unemployed and lives with her husband and two daughters in Crossville, Tennessee. Mrs. Sherrill began her three-year term of supervised release on August 20, 2013, and is due to terminate supervision on August 19, 2016. She was referred for a substance abuse assessment on August 28, 2013, and the assessment was conducted on October 15, 2013. Mrs. Sherrill was scheduled to attend substance abuse treatment twice per month at Cumberland Mountain Mental Health in Crossville, Tennessee.

Mrs. Sherrill has suffered a significant emotional development during her time on supervised release. On August 20, 2013, the day she was released from custody, her thirteen-year-old daughter was diagnosed with bone cancer in her chest cavity. The probation officer has given Mrs. Sherrill permission for continuous travel to Knoxville, Tennessee, to allow for necessary treatment at Children's Hospital. The probation officer has attempted to maintain regular communication with Mrs. Sherrill, but has been unable to obtain updates in a timely manner.

A report was submitted to the Court on December 17, 2013, regarding two positive drug tests on November 12, 2013, and December 5, 2013. Mrs. Sherrill was verbally reprimanded and re-instructed to avoid illegal substances or medications she was not prescribed. The probation officer reminded Mrs. Sherrill that she needed to be focused on her daughter and her daughter's needs, and encouraged her to take a more active approach in her substance abuse treatment. Mrs. Sherrill's substance abuse treatment was not increased due to the demanding schedule of her daughter's treatment with medical providers. The Court order no additional action at that time.

A report was submitted to the Court on February 10, 2014, regarding an additional positive drug test on January 27, 2014. As a result of her admission to using Oxycodone, Mrs. Sherrill was referred for a 28-day inpatient substance abuse treatment program at New Leaf Recovery Center in Cookeville, Tennessee. Mrs. Sherrill reported, as scheduled, to New Leaf on February 7, 2014, and completed the program on February 17, 2014. The probation officer was told Mrs. Sherrill successfully completed the program, but was released early due to an issue with TennCare insurance coverage.

The probation officer has allowed Mrs. Sherrill to miss multiple drug tests in order to allow her to travel with her daughter for cancer treatment. The probation officer has also scheduled courtesy drug tests for Mrs. Sherrill at the U.S. Probation Office located in Knoxville, Tennessee, in order to accommodate her daughter's scheduled medical treatments. On October 30, 2013, and on November 26, 2013, Mrs. Sherrill failed to report for drug tests in Knoxville, Tennessee.

## Update of Offender Characteristics:

Mrs. Sherrill's whereabouts are uncertain at this time. It is of significant concern that Mrs. Sherrill has returned to opiate abuse at a time when her daughter needs her support.

## U.S. Probation Officer Recommendation:

It is respectfully recommended that a summons be issued for Mrs. Sherrill, so that she may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to Assistant U.S. Attorney Hal McDonough, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. TRESHA MAE SHERRILL, CASE NO. 2:11-00002-26

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003      PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | **2 years (Class C Felony)** *18 U.S.C. § 3583(e)(3)* | 3-9 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | **36 months less any term of imprisonment** *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

18 U.S.C. § 3583 (g)(3) allows for mandatory revocation if the defendant refuses to comply with drug testing imposed as a condition of supervised release. The court shall revoke the term of supervised release and require the defendant to serve a term of impriosonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

_____
Brad Bartels
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Tresha Mae Sherrill

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 2:11CR00002 - 26

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date**  10 / 11 / 2012
                            month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall participate in a program of drug testing and substance abuse | C |
   | Shall refrain from any unlawful use of a controlled substance | C |
   | Shall report to the probation officer as directed | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     I

10. **Range of Imprisonment** *(see §7B1.4(a))*     3-9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Tresha Mae Sherrill

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)       _____     Home Detention         _____

    Other         _____     Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1_____ to 3_____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days